FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 APR -1 PM 1:29
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NATIONAL TRUST INSURANCE  \*
COMPANY and MONROE GUARANTY  \*
INSURANCE COMPANY;  \*
                                                        \*

    Plaintiffs,  \*

        v.  \*    CV 319-067

TAYLOR & SONS, INC.;  \*
BRIAN LLOYD; BEVERLY LLOYD;  \*
JOE WOJTANIK; and MADELYN  \*
POLLACK;  \*

    Defendants.  \*

---

## O R D E R

Before the Court is Defendants Brian and Beverly Lloyd's motion to dismiss. (Doc. No. 17.) For the following reasons, the motion is denied.

### I. BACKGROUND

This case stems from a case filed in the Superior Court of Laurens County (the "Superior Court case"), which in turn is based on a motorcycle accident that occurred on or about November 5, 2017. (See Compl., Doc. No. 1, ¶ 12.) Defendants Brian and Beverly Lloyd, plaintiffs in the Superior Court case, were riding their motorcycle on Highway 26 in Laurens County when it collided with a loose trailer which had uncoupled from the vehicle towing it. (See id.) The vehicle towing the trailer was driven by either

Defendant Joe Wojtanik or Madelyn Pollack, although that question is not relevant to the pending motion. (See id. ¶¶ 13-18.)

The vehicle towing the trailer was owned by, and registered to, Defendant Taylor & Sons, Inc. ("Taylor"). (See id. ¶ 17.) The Lloyds sued Wojtanik, Pollack, and Taylor in the Superior Court case, alleging that Wojtanik was negligent and driving under the influence of alcohol. (See id. ¶¶ 19-21.) The Lloyds also allege that Taylor negligently entrusted the vehicle to Wojtanik, is vicariously liable for Wojtanik, and negligently hired and trained Wojtanik. (See id. ¶¶ 20-23.)

Plaintiffs in this case, National Trust Insurance Company ("National Trust") and Monroe Guaranty Insurance Company ("Monroe"), are not parties to the Superior Court case. Both companies issued insurance policies to Taylor. (See id. ¶¶ 25, 33.) Plaintiffs instituted this action seeking a declaratory judgment that they have no obligation to indemnify, defend, or pay any sum on behalf of Wojtanik and Pollack in connection with the Superior Court case or the Lloyds' claims. (See id. ¶ 24.) Defendants have moved to dismiss, urging the Court to exercise its discretion and decline jurisdiction.

## II. LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts "unique and substantial discretion in deciding

2

whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 287 (quotation omitted). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). "When all is said and done, . . . the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Wilton, 515 U.S. at 287 (quotation omitted).

The Supreme Court and Eleventh Circuit have held that district courts may exercise jurisdiction in a declaratory judgment action over whether an insurance policy mandates coverage, even without a judgment in the underlying case. See Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273-74 (1941); Edwards v. Sharkey, 747 F.2d 684, 686-87 (11th Cir. 1984) (citing id.).

In Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit provided nine factors for district courts to consider when deciding whether to exercise their

3

discretion to hear a declaratory judgment action. Those factors are discussed below.

### III. DISCUSSION

Borrowing language from Ameritas and Brillhart,[1] Defendants argue that this case should be dismissed as inappropriately interfering with the Superior Court case, which will resolve all of the questions of fact that are dispositive in this case. Plaintiffs respond that the insurance policies are at issue in this case, and the Superior Court case will not resolve the question of insurance coverage, making this declaratory action an appropriate medium for determining the rights and liabilities of the parties.

Defendants base their argument on two cases: Ameritas and Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc., 759 F. App'x 431 (6th Cir. 2018).[2] The nine Ameritas factors alluded to above are:

---

[1] 411 F.3d at 1332 ("[T]he district court concluded that to allow the declaratory action to proceed would amount to . . . unnecessary and inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action . . . ."); 316 U.S. at 495 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

[2] In Mass. Bay, the Sixth Circuit upheld a district court's decision to decline jurisdiction. The opinion highlights a district court's discretion in deciding whether to exercise jurisdiction under the Declaratory Judgment Act. In discussing a prior case, the court

4

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas, 411 F.3d at 1331. This list is "neither absolute nor is any one factor controlling." Id.

---

in Mass. Bay noted that it upheld a district court's exercise of jurisdiction but also would have found no abuse of discretion had the district court declined jurisdiction. See id. at 443 (citing W. World Ins. Co. v. Hoey, 773 F.3d 755, 760-61 (6th Cir. 2014)).

5

Plaintiffs argue that <u>Ameritas</u> is inapposite because the state and federal cases are not parallel; the parties in the two cases are not the same and neither are the claims. This is the strongest argument in favor of exercising jurisdiction. Although Defendants seem to focus on factors seven and eight in arguing that resolving the factual issues in the Superior Court case will be determinative in this case, that is not so. Resolving the issues of fact involved with the tort claims will not resolve the question of whether Plaintiffs in this case – who are not parties to the Superior Court Case – must provide coverage to Wojtanik and Pollack.

As for the other <u>Ameritas</u> factors, none weigh heavily in favor of declining jurisdiction. For the first factor, Georgia does not have any particular interest in interpreting the insurance policies at issue. See <u>Phila. Indem. Ins. Co. v. AGCO Corp.</u>, 2011 WL 2652139, at *3 (N.D. Ga. July 6, 2011) ("Georgia does not have a particularly strong interest in deciding the coverage issues properly and exclusively before a federal court.") On the second factor, although a declaratory judgment will not settle the Superior Court case, neither will it impede its resolution. As for the third factor, should the Superior Court case end in a finding that Wojtanik and Pollack are liable, a declaratory judgment in this case will clarify whether Plaintiffs must provide coverage for that liability.

Ultimately, the applicable Ameritas factors weigh in favor of exercising jurisdiction in this case. A declaratory judgment in this case will resolve an issue not present in the Superior Court case, between parties not equally present in the Superior Court case. Finally, it is worth noting that "[f]ederal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such a purpose." Brockwell v. Metro. Life Ins. Co., 409 F. Supp. 3d 1360, 1364 (S.D. Ga. 2019).

## IV. CONCLUSION

Upon the foregoing, Defendants' motion to dismiss (doc. no. 17) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of April, 2020.

UNITED STATES DISTRICT JUDGE